| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF WILLIAMS | NORTHWEST JUDICIAL DISTRICT |

| | |
|---|---|
| Tioga RV & Trailer Park, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Nautilus Insurance Company, )<br>)<br>Defendant. ) | Civil No.<br><br><br>**SUMMONS** |

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint of the Plaintiff in the above-entitled action which is herewith served upon you by serving upon the undersigned an Answer or other proper response within twenty-one (21) days after the service of this Summons upon you, exclusive of the date of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint.

DATED this 18th day of April, 2017.

PEARCE DURICK PLLC

_____
ZACHARY E. PELHAM #05904
Office: zep@pearce-durick.com
E-file: #zepefile@pearce-durick.com
*Attorneys for Plaintiff*
314 E. Thayer Ave
P.O. Box 400
Bismarck, ND 58502
701-223-2890

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF WILLIAMS | NORTHWEST JUDICIAL DISTRICT |

Tioga RV & Trailer Park, Inc., ) Civil No.
)
        Plaintiff, )
)
v. ) **COMPLAINT AND JURY DEMAND**
)
Nautilus Insurance Company, )
)
        Defendant. )

I.

COMES NOW the Plaintiff, Tioga RV & Trailer Park, Inc, and for its complaint against the above-named defendant, states and alleges as follows:

II.

Tioga RV & Trailer Park, Inc. ("Tioga"), is a corporation duly organized pursuant to the laws of the State of North Dakota, with its principal place of business located in North Dakota.

III.

Defendant Nautilus Insurance Company ("Nautilus") is a company having its principal offices in the State of Arizona.

**GENERAL ALLEGATIONS**

IV.

Tioga possessed a commercial general liability insurance policy from Nautilus effective July 26, 2011 through July 26, 2012.

V.

On or about February 13, 2014, Tioga was served with a summons and complaint by Purco Fleet Services, Inc. ("Purco") in a Williams County, North Dakota civil action, Civil No.

53-2013-CV-00766 (the "underlying action"). Purco alleged, generally, that Tioga had converted twelve recreational vehicles, causing damages in excess of $200,000.

VI.

Tioga advised Nautilus of the claim and requested a defense and coverage of the claims under the Nautilus policy. In letters dated March 26, 2014, and September 26, 2016, Nautilus refused to provide Tioga with a defense and denied coverage.

VII.

Under threat by Purco for additional damages, including possible punitive damages, attorney's fees, and costs, Tioga agreed to mediation with Purco in November 2016. Mediation resulted in a settlement agreement between Tioga and Purco. Nautilus did not participate in mediation.

VIII.

After the dispute with Purco was resolved, Tioga sent Nautilus a letter dated December 14, 2016, demanding Nautilus reimburse Tioga the amount of the settlement with Purco as well as attorney's fees and costs associated with defending the Purco action. Nautilus refused, and continues to refuse, to pay under the terms of the policy.

### COUNT I – DECLARATORY JUDGMENT

IX.

Tioga re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

X.

There exists a controversy between the parties regarding the scope of coverage under the policy provided by Nautilus under the applicable policy of insurance.

XI.

The claim and damages against Tioga by Purco constituted an "occurrence" within the terms and conditions of the Nautilus policy issued to Tioga. Further, the claims and allegations made by Purco against Tioga in the underlying action are not precluded from coverage by any of the terms, conditions, exclusions, or other provisions of the Nautilus policy. Therefore, Nautilus had a duty to defend and/or indemnity Tioga against the Complaint of Purco in the underlying action.

XII.

Pursuant to chapter 32-23 of the North Dakota Century Code, and other applicable law, the Court is empowered to construe the insurance policy and to declare the rights, status, or other legal relations of the parties thereunder.

XIII.

The Court should declare the rights of the Tioga under the policy, including that Tioga is entitled to repayment of settlement costs, expenses, attorney's fees, and costs from defending the underlying action. Tioga is also entitled to recover attorney's fees incurred bringing a declaratory judgment action pursuant to *State Farm Fire & Cas. Co. v. Sigman*, 508 N.W.2d 323, 329 (N.D. 1993) and other applicable law.

**COUNT II – BREACH OF CONTRACT**

XIV.

Tioga re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

3

XV.

Pursuant to the Nautilus policy, Nautilus is obligated to defend and indemnify Tioga in connection with suits brought against them seeking damages for which coverage is provided by the Nautilus policy.

XVI.

Coverage is provided by the Nautilus policy for the damages that were sought by Purco in the underlying action.

XVII.

Nautilus failed and/or refused to defend and/or indemnify Tioga against the claims in the underlying action.

XVIII.

The actions of Nautilus constitute a breach of the contract of insurance.

XIX.

As a direct result of Nautilus's breach of contract, Tioga has incurred and/or will incur various damages to be proved at trial, including but not limited to, liability for settlement in the underlying action, judgment in the underlying action, attorney's fees and costs incurred in the defense of the underlying action, and attorney's fees and costs incurred in connection with this action.

**COUNT THREE – BAD FAITH FAILURE TO PAY INSURANCE BENEFITS**

XX.

Tioga re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

4

XXI.

At all times material hereto, Nautilus was bound by the implied covenant of good faith and fair dealing with Tioga.

XXII.

Among other things, Nautilus had the following duties and obligations: to properly investigate and consider the claims being made against Tioga in the underlying action; to properly consider the coverage provided to Tioga under the Nautilus Policy; to understand the terms and conditions of its policy of insurance; to clearly communicate its position regarding the coverage provided; to broadly construe the grants of coverage provided and narrowly construe the policy exclusions; to construe any ambiguity in the policy in favor of Tioga; to attempt to settle the claims in the underlying action within the scope of coverage provided; to not unreasonably withhold benefits provided under the policy; and not to place Nautilus's own financial interests above the interests of Tioga.

XXIII.

Nautilus has wrongfully, in bad faith, and in breach of its obligations of good faith and fair dealing, denied its duty to defend and/or indemnify Tioga in connection with the claims made against it in the underlying action, thereby denying Tioga the benefits properly due under the Nautilus policy. Nautilus breached its duties to Tioga, in that, among other things, Nautilus:

a. Failed and refused to make an adequate investigation and evaluation of the claims made against Tioga in the underlying action before denying a defense and coverage due under the policy;

b. Denied coverage and a defense knowing that it lacked a reasonable basis for doing so;

   c. Failed and refused to clearly communicate its position regarding coverage in a timely manner;

   d. Failed and refused to provide a reasonable interpretation of the provisions in the policy of insurance or to make a reasonable application of those provisions to the damages sought in the underlying action;

   e. Failed to understand the terms of its own policy;

   f. Acted to protect its own financial interest at the expense of Tioga's rights, interest, and financial well-being; and

   g. Refused to retain counsel to defend the underlying action, thereby compelling Tioga to retain counsel to defend the underlying action and to bring this action.

### XXIV.

Nautilus's conduct was malicious, oppressive, and undertaken knowingly or in reckless disregard of Tioga's rights and interests.

### XXV.

Tioga reserves its right to seek amendment of this Complaint to assert a claim for punitive and exemplary damages.

### XXVI.

That, as further evidence of Nautilus's bad faith, Nautilus committed the acts referred to herein without just cause and as part of a general business practice.

### XXVII.

As a result of the bad faith conduct of Nautilus, Tioga sustained damages in an amount to be proven at trial, but in excess of $50,000.

## COUNT IV – UNFAIR AND DECEPTIVE INSURANCE ACTS AND PRACTICES

XXVIII.

Tioga re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

XXIX.

Nautilus's failure to pay policy benefits was in bad faith and constituted unfair insurance practices under N.D.C.C. § 26.1-04-03, including but not limited to violations for:

a. Not attempting in good faith to effectuate prompt, fair, and equitable resolution of the underlying action under the policy;

b. Compelling Tioga to initiate this suit to resolve amounts due;

c. Failing to pay covered claims without having a reasonable basis to do so.

XXX.

Tioga is entitled under applicable law to economic and non-economic damages pursuant to Section 32-03.2-04 of the North Dakota Century Code and any other damages allowable by North Dakota law. Tioga is further entitled to recover reasonable attorney's fees, including but not limited to fees and costs under *State Farm Fire & Cas. Co. v. Sigman*, 508 N.W.2d 323, 326 (N.D. 1993) and other applicable law.

WHEREFORE, Tioga RV & Trailer Park, Inc. prays for judgment as follows:

1. Determining and adjudicating the rights and liabilities of the parties under the Tioga policy;

2. Declaring the Nautilus policy provide coverage for the claims and damages of Tioga in the underlying action;

3. Awarding Tioga damages, plus pre-judgment interest at the legal rate;

4. Awarding Tioga attorney's fees and costs incurred in defending the underlying action and in bringing this action;

5. Granting Tioga leave to amend this Complaint to assert a claim for punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and equitable.

**TIOGA RV & TRAILER PARK, INC. DEMANDS A TRIAL BY A JURY OF THE MAXIMUM NUMBER ALLOWED BY LAW.**

DATED this 18th day of April, 2017.

PEARCE DURICK PLLC

_____
ZACHARY E. PELHAM #05904
Office: zep@pearce-durick.com
E-file: zepefile@pearce-durick.com
*Attorneys for Plaintiff*
314 E. Thayer Ave
P.O. Box 400
Bismarck, ND  58502
701-223-2890

8